# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Criminal No. |
| v. | : |
| | : |
| STEPHEN L. SCHECHTER, | : VIOLATION: |
| | : |
| Defendant. | : 26 U.S.C. § 7201 (Tax Evasion) |
| | : |
| | : |

## INFORMATION

The United States Attorney charges that:

### Introduction

At all times relevant to this Information:

1. STEPHEN L. SCHECHTER, the defendant, was a United States citizen who lived in London, England, from approximately 1994 until in or about 2014, when he retired to the Principality of Monaco, where he currently lives and has a residency permit. Since 2004, SCHECHTER has also been a United Kingdom citizen. Starting in the mid-1970s, SCHECHTER was a licensed investment banker specializing in the private placement of debt securities who worked for several investment firms. Starting in 2002, he formed Schechter and Company, Ltd., which was a licensed corporate finance advisor in the United Kingdom. Starting in or about 2003, SCHECHTER also owned and operated a U.S.-based financial investment advisory firm called Stephen L. Schechter & Co., Inc.

2.      The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the federal tax laws of the United States, and collecting taxes owed to the United States.

3.      United States taxpayers who had income in excess of a certain amount were obligated to file an individual income tax return with the United States Internal Revenue Service ("IRS").  On said return, United States taxpayers were obligated to report their worldwide income.  Additionally, citizens and residents of the United States who had a financial interest in, or signature or other authority over a financial account in a foreign country were required to disclose the existence of such account on Schedule B, Part III of their individual income tax return.

4.      Pursuant to Title 31, Code of Federal Regulations, Sections 103.24, 103.27(c), 103.27(d) and 103.59(b), recodified at Title 31, Code of Federal Regulations, Section 1010.350, citizens and residents of the United States who had a financial interest in, or signature authority over, one or more bank, securities and other financial accounts in a foreign country with an aggregate value of more than $10,000 at any time during a particular year were required to report such a relationship to the Financial Crimes Enforcement Network, a bureau of the United States Department of the Treasury, on a Report of Foreign Bank and Financial Accounts on FinCEN Report 114 (formerly TD F 90.22-1) (an "FBAR").  Prior to 2016, an FBAR was due by June 30, 2015. From 2016 forward, the FBAR due date was April 15th of the year following the end of the calendar year.

5.      In or about 2002, SCHECHTER established a BVI corporation called Charles Penn Longview.  While SCHECHTER named his two sons as directors and shareholders of the

Charles Penn Longview corporation, at all times SCHECHTER controlled and was the ultimate beneficial owner of the corporation.

6. In or about June 2004, SCHECHTER opened an account at Banque Franck Galland, a predecessor bank of Piguet Galland & Cie SA, a Swiss private bank (collectively hereafter "Piguet"), in the name of the Charles Penn Longview BVI corporation (account number ending 9101). The 9101 account identified Schechter's two American sons as the ultimate beneficial owners of the account on the "Form A" (which is the Swiss form that identifies the ultimate beneficial owner of a bank account). The Piguet relationship manager, who knew Schechter as an American from a prior bank where the relationship manager previously worked, told Schechter that he did not want to discuss Schechter and his wife's U.S. citizenship and that he only wanted to see Schechter's U.K. passport, thus concealing Schechter's U.S. status in the bank's documentation.

7. In February 2009, around the time that the U.S. Department of Justice signed a deferred prosecution agreement with Swiss bank UBS AG, SCHECHTER advised his relationship manager at Piguet that he (SCHECHTER) was well aware of the changes being brought to bear by the American authorities for American bank account holders in Switzerland. Schechter and his relationship manager continued with their plan to conceal Schechter's U.S. status from the bank. This was documented by the relationship manager in a file note claiming that Schechter and his wife had renounced their U.S. citizenship over 20 years earlier. This was false; he and his wife never did so and remain U.S. citizens to this day. That account remained open until in or about January 2013. SCHECHTER earned interest and dividends on the Piguet 9101 account, which he did not report on his U.S. Individual Income Tax Returns, Forms 1040, as required. However, U.S. taxes were withheld on U.S. dividend income in that account.

SCHECHTER also did not report this account on his Foreign Bank Account Reports ("FBAR"), FinCEN Forms 114 (formerly IRS Form TD 90-22.1), as required.

8. In April 2009, SCHECHTER directed the transfer of his sons' shares of the Charles Penn Longview BVI corporation to SCHECHTER and his wife. In June 2009, SCHECHTER provided a new Form A to Piguet that identified him and his wife as the beneficial owners and citizens of the United Kingdom. SCHECHTER changed the birthplace on his U.K. passport to read "Kew Gardens" – which was not only the neighborhood in Queens, New York in which he was born, but also a well-known location in London, England. This was done to make his U.S. birthplace less obvious.

9. In or about June 2011, SCHECHTER sold a company called Burganville Limited, a BVI corporation, which owned an apartment in Monaco, for approximately €14,000,000. The shares of Burganville Limited were held by Roman Realty Investments, Ltd., a BVI corporation owned by SCHECHTER. Roman Realty had purchased that entity, which already owned the apartment, in 2008 for €9,700,000. On or about June 30, 2011, SCHECHTER caused the approximate €13,999,975 in proceeds from the sale of the apartment to be deposited into the Piguet 9101 account from the sale of the property. After an approximate €7,000,000 pay-off of the property mortgage, on the same day, $9,434,100 was transferred to the Piguet 9101 U.S. dollar sub-account, where SCHECHTER directed the purchase of $8,856,691 in various securities over the next several days. SCHECHTER did not report the sale of this apartment on his 2011 Form 1040, pay taxes on the capital gains from that sale, or report interest, dividends, and capital gains from securities purchased with proceeds of that sale, as required. However, U.S. taxes were withheld on the U.S. dividend income in that account.

10. In or about September 2012, SCHECHTER opened an account in the name of

Charles Penn Longview (account number ending 6468) at UBS Monaco SA. SCHECHTER directed Piguet to close the Piguet 9101 account and transfer the approximate $10.2 million balance into the new UBS Monaco 6468 account. SCHECHTER exercised full control over the UBS Monaco 6468 account until March 2017 when it was closed. SCHECHTER earned interest and dividends on this account, which he did not report on his U.S. Individual Income Tax Returns, Forms 1040, as required. However, U.S. taxes were withheld on the U.S. dividend income in that account. SCHECHTER also did not report the UBS Monaco 6468 account on his FBARs, as required.

11. Piguet's bank records document that, in late 2013, Schechter was contacted by his Piguet relationship manager who advised that the bank's accounting firm had advised the bank that Schechter should show proof that he had renounced his U.S. citizenship, or that he should participate in the IRS's Offshore Voluntary Disclosure Program and that Schechter threatened to sue the bank for a violation of Swiss bank secrecy if the bank made any attempt to disclose his information to the IRS.

12. From approximately 2000 forward, SCHECHTER used a New York-based accounting firm to prepare his U.S. income tax returns. During the preparation of his 2011 federal income tax return, SCHECHTER provided false and incomplete information to his accounting firm about the sale of the apartment in Monaco and his offshore bank account holdings and income, resulting in SCHECHTER filing of a false and fraudulent income tax return for 2011.  For the 2011 tax year, SCHECHTER knowingly and willfully failed to report capital gains of more than $5.8 million from the sale of the company that owned his Monaco apartment and investment income earned on the proceeds of that sale.  Based on these willful omissions, for the calendar year 2011, SCHECHTER owed additional income taxes as follows:

| Tax Year | Approximate Filing Date | Net Change in Adjusted Gross Income | Net Change in Taxable Income | Tax Due and Owing |
|---|---|---|---|---|
| 2011 | 10/29/2012 | $5,130,048 | $5,192,688 | $820,391 |

## COUNT ONE

13. Paragraphs 1 through 12 are realleged and incorporated fully herein by reference.

14. From at least in or about January 1, 2011, through in or about October 2019, in the Southern District of New York and elsewhere, the defendant, STEPHEN L. SCHECHTER, a resident of the Principality of Monaco, willfully and knowingly did attempt to evade and defeat a substantial part of the income taxes due and owing by him to the United States for 2011 in the amount set forth above by various means, including among others:

a) willfully and knowingly filing a false and fraudulent U.S. Individual Income Tax Return, Form 1040, for calendar year 2011 on or about October 29, 2012; and

b) concealing income and assets in undeclared offshore bank accounts held in some instances in the names of nominee offshore corporations.

(Title 26, United States Code, Section 7201)

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: *(signature)* Leslie A. Goemaat

Leslie A. Goemaat
Assistant United States Attorney
MA Bar No. 676695
Fraud, Public Corruption, and Civil Rights Section
U.S. Attorney's Office
601 D St NW, Room 5.1521

7

Washington, D.C. 20530
Office: 202-803-1608
Leslie.Goemaat@usdoj.gov


STUART M. GOLDBERG
Acting Deputy Assistant Attorney General

By: _____
Nanette L. Davis
Senior Litigation Counsel
D.C. Bar No. 442136
George Meggali
Trial Attorney
NJ Bar No. 309352019
150 M Street, N.E., Room 1.107
Washington, D.C. 20002
(202) 514-8030/(202) 616-5124
Nanette.L.Davis@usdoj.gov
George.Meggali@usdoj.gov