IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. |
| v. | Violation: |
| STEPHEN L. SCHECHTER, | 26 U.S.C. § 7201 (Tax Evasion) |
| Defendant. | |

## STATEMENT OF OFFENSE

**A. Background**

1. At all relevant times, Stephen L. Schechter was a United States citizen who lived in London, England, from approximately 1994 until in or about 2014, when he retired to the Principality of Monaco, where he currently lives and has a residency permit. Since 2004, Schechter has also been a United Kingdom citizen. Starting in the mid-1970s, Schechter was a licensed investment banker specializing in the private placement of debt securities who worked for several investment firms. Starting in 2002, he formed Schechter and Company, Ltd., which was a licensed corporate finance advisor in the United Kingdom. Starting in or about 2003, Schechter also owned and operated a U.S.-based financial investment advisory firm called Stephen L. Schechter & Co., Inc.

2. In or about 2002, Schechter established a BVI corporation called Charles Penn Longview. While Schechter named his two sons as directors and shareholders of the Charles Penn Longview corporation, at all times Schechter controlled and was the ultimate beneficial owner of the corporation.

2

**B.     Offense Conduct**

3. In or about June 2004, Schechter opened an account at Banque Franck Galland, a predecessor bank of Piguet Galland & Cie SA, a Swiss private bank (collectively hereafter "Piguet"), in the name of the Charles Penn Longview BVI corporation (account number ending 9101). The 9101 account identified Schechter's two American sons as the ultimate beneficial owners of the account on the "Form A" (which is the Swiss form that identifies the ultimate beneficial owner of a bank account). The Piguet relationship manager, who knew Schechter as an American from a prior bank where the relationship manager previously worked, told Schechter that he did not want to discuss Schechter and his wife's U.S. citizenship and that he only wanted to see Schechter's U.K. passport, thus concealing Schechter's U.S. status in the bank's documentation.

4. In February 2009, around the time that the U.S. Department of Justice signed a deferred prosecution agreement with Swiss bank UBS AG, Schechter advised his relationship manager at Piguet that he (Schechter) was well aware of the changes being brought to bear by the American authorities for American bank account holders in Switzerland. Schechter and his relationship manager continued with their plan to conceal Schechter's U.S. status from the bank. This was documented by the relationship manager in a file note claiming that Schechter and his wife had renounced their U.S. citizenship over 20 years earlier. This was false; he and his wife never did so and remain U.S. citizens to this day. That account remained open until in or about January 2013. Schechter earned interest and dividends on this account, which he did not report on his U.S. Individual Income Tax Returns, Forms 1040, as required. However, U.S. taxes were withheld on the U.S. dividend income in that account. Schechter also did not report the Piguet 9101

3

account on his Foreign Bank Account Reports ("FBAR"), FinCEN Forms 114 (formerly IRS Form TD 90-22.1), as required.

5. In April 2009, Schechter directed the transfer of his sons' shares of the Charles Penn Longview BVI corporation to Schechter and his wife. In June 2009, Schechter provided a new Form A to Piguet that identified him and his wife as the beneficial owners and citizens of the United Kingdom. Schechter changed the birthplace on his U.K. passport to read "Kew Gardens" – which was not only the neighborhood in Queens, New York in which he was born, but also a well-known location in London, England. This was done to make his U.S. birthplace less obvious.

6. In or about June 2011, Schechter sold a company called Burganville Limited, a BVI corporation, which owned an apartment in Monaco, for approximately €14,000,000. The shares of Burganville Limited were held by Roman Realty Investments, Ltd., a BVI corporation owned by Schechter. Roman Realty had purchased that entity, which already owned the apartment, in 2008 for €9,700,000. On or about June 30, 2011, Schechter caused the approximate €13,999,975 in proceeds from the sale of the apartment to be deposited into the Piguet 9101 account from the sale of the property. After an approximate €7,000,000 pay-off of the property mortgage, on the same day, $9,434,100 was transferred to the Piguet 9101 U.S. dollar sub-account, where Schechter directed the purchase of $8,856,691 in various securities over the next several days. Schechter did not report the sale of this apartment on his 2011 Form 1040, pay taxes on the capital gains from that sale, or report interest, dividends, and capital gains from securities purchased with proceeds of that sale, as required. However, U.S. taxes were withheld on the U.S. dividend income in that account.

4

7. In or about September 2012, Schechter opened an account in the name of Charles Penn Longview (account number ending 6468) at UBS Monaco SA. Schechter directed Piguet to close the Piguet 9101 account and transfer the approximate $10.2 million balance into the new UBS Monaco 6468 account. Schechter exercised full control over the UBS Monaco 6468 account until March 2017 when it was closed. Schechter earned interest and dividends on this account, which he did not report on his U.S. Individual Income Tax Returns, Forms 1040, as required. However, U.S. taxes were withheld on the U.S. dividend income in that account. Schechter also did not report the UBS Monaco 6468 account on his FBARs, as required.

8. Piguet's bank records document that, in late 2013, Schechter was contacted by his Piguet private banker who advised that the bank's accounting firm had advised the bank that Schechter should show proof that he had renounced his U.S. citizenship, or that he should participate in the IRS's Offshore Voluntary Disclosure Program and that Schechter threatened to sue the bank for a violation of Swiss bank secrecy if the bank made any attempt to disclose his information to the IRS.

9. From approximately 2000 forward, Schechter used a New York-based accounting firm to prepare his U.S. income tax returns. During the preparation of his 2011 federal income tax return, Schechter provided false and incomplete information to his accounting firm about the sale of the apartment in Monaco and his offshore bank account holdings and income, resulting in Schechter filing of a false and fraudulent income tax return for 2011. For the 2011 tax year, Schechter knowingly and willfully failed to report capital gains of more than $5.8 million from the sale of the company that owned his Monaco apartment and investment income earned on the proceeds of that sale. Based on these willful

5

omissions, for the calendar year 2011, Schechter owed additional income taxes as follows:

| Tax Year | Approximate Filing Date | Net Change in Adjusted Gross Income | Net Change in Taxable Income | Tax Due and Owing |
|---|---|---|---|---|
| 2011 | 10/29/2012 | $5,130,048 | $5,192,688 | $820,391 |

10. Schechter knowingly and willfully evaded the above taxes due for the year 2011. Schechter intentionally committed the affirmative acts of evasion of providing his return preparer with false and incomplete information, filing a false and fraudulent 2011 U.S. Individual Income Tax Return, Form 1040, and concealing income and assets in undeclared offshore bank accounts, as detailed above.

Nanette L. Davis, Senior Litigation Counsel
D.C. Bar No. 442136
George Meggali, Trial Attorney
NJ Bar No. 309352019
150 M Street, N.E., Room 1.107
Washington, D.C. 20002

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: Leslie A. Goemaat,
Assistant United States Attorney
MA Bar No. 676695
Fraud, Public Corruption, and Civil Rights Section
U.S. Attorney's Office
601 D St. NW, Room 5.1521
Washington, D.C. 20530

6

## Defendant's Acceptance

I have read this Statement of the Offense and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this Statement of the Offense and all matters relating to it. I fully understand this Statement of the Offense and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

21 June 2023
Date

Defendant Stephen L. Schechter

## Defense Counsel's Acknowledgment

I am Defendant Stephen L. Schechter's attorney. I have reviewed every part of this Statement of the Offense with him. It accurately and completely sets forth the Statement of the Offense agreed to by Defendant, the Department of Justice Tax Division, and the Office of the United States Attorney for the District of Columbia.

June 22, 2023
Date

George M. Clarke, Esq.